# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                **CRIMINAL ACTION NO.: 3:15-CR-18-1 (GROH)**

**LATEEF FISHER**
**a/k/a "Apple,"**

    Defendant.

## ORDER OF PRETRIAL CONFERENCE

On May 12, 2016, the parties appeared before the Court for a pretrial conference. The Defendant was present in person and by counsel, J. Mark Sutton. The Government was represented by Assistant United States Attorneys Anna Z. Krasinski and Paul T. Camilletti.

The Government advised the Court that the parties were in the process of finalizing a stipulation as to the admissibility of toxicology results, labeled as Government's Exhibit 6. Next, the Court reviewed the most recent plea offer that was provided by the Government to the Defendant. After the Government stated for the record the terms of the most recent plea offer, the Defendant confirmed that he previously reviewed the offer with his attorney and chose to reject the offer and exercise his right to proceed to trial.

At the hearing, the Court addressed the Defendant's Motion to Dismiss Indictment [ECF No. 54] and the Defendant's Motion in Limine to Exclude Evidence [ECF No. 66]. The Court first heard argument on the motion to dismiss the indictment. The Defendant

argued that the indictment in the case before the Court violated the Defendant's right to be free from double jeopardy because the alleged offense was an overt act of the conspiracy for which the Defendant was charged and convicted in the United States District Court for the District of Maryland.  The Defendant pointed to similarities between the instant case and the Maryland case and averred that because the instant offense was considered relevant conduct in the Maryland case, it is barred by double jeopardy.  The Defendant further argued that the evidence used in the present case was the same evidence used to convict the Defendant in Maryland, thus making the charge in this case an impermissible successive prosecution.  The Government countered that based upon the dissimilarity between the elements required by the Maryland offense and the instant offense, the present case did not violate double jeopardy.  Specifically, the Government relied upon Blockburger v. United States, 284 U.S. 299 (1932), in support of its argument.  The Government asserted that courts have repeatedly upheld the validity of successive prosecutions involving the same evidence that was the subject of a previous case.  Finding that the offense charged in the underlying indictment and the offense charged in the Maryland indictment required proof of elements that the other did not, the Court found that the present case did not place the Defendant in double jeopardy and therefore **DENIED** the Defendant's Motion to Dismiss Indictment [ECF No. 54].

The Court next heard argument on the Defendant's motion in limine, which argued against the admissibility of evidence related to alleged drug transactions or criminal conduct not related to the underlying indictment or that allegedly occurred on a date other than June 20, 2014, and against the admissibility of any prior convictions pursuant to Federal Rule of Evidence 609.  The parties first addressed the admissibility of prior

2

convictions, and the Government submitted that it would not seek to introduce any prior convictions pursuant to Rule 609. Upon consideration of the remaining argument in the Defendant's motion in limine, the Court advised the parties that it was necessary to hear how the testimony during trial unfolds in order to determine admissibility. Accordingly, the Court **GRANTED IN PART** and **DENIED IN PART** the Defendant's Motion in Limine to Exclude Evidence [ECF No. 66]. The Court deemed evidence of the Defendant's prior convictions pursuant to Rule 609 inadmissible in the Government's case-in-chief.

Additionally, in relation to the Defendant's motion in limine, the Government submitted that it would not seek to introduce evidence of cell site location data. However, the Government informed the Court that it would attempt to introduce the pen register for the Defendant's cell phone in order to identify the Defendant's cell phone number and the Codefendant's cell phone number, and to show that communications occurred between the two.

Lastly, the Court addressed the Government's Notice of Kennedy Evidence or Rule 404(b) Evidence [ECF No. 108]. The Court ruled that Officer Terry Hose's testimony regarding the phone numbers that relate back to the phones in the Defendant's and Codefendant's possession is intrinsic to the underlying offense and thus admissible. Furthermore, the Court ruled that Officer Hose's testimony regarding the Exit 3 location off of Interstate 81 as one of the Defendant's usual locations to conduct heroin deals is intrinsic to the underlying offense and thus admissible. The Court informed the parties that all other issues relating to evidence presented in the Government's notice would be addressed during the course of the trial.

Throughout the pretrial conference, the Court and counsel engaged in conversations regarding Special Agent Todd Edwards' proposed expert testimony. The Defendant notified the Court that it had not received the materials that Agent Edwards reviewed in forming his opinion as to the Defendant's coded conversations, which included portions of the wiretap from the Maryland investigation. The Court likewise had not received any materials or information, other than the Government's Notice of Kennedy Evidence or Rule 404(b) Evidence, regarding Agent Edwards' intended expert testimony. Accordingly, the Court **DIRECTED** the Government to provide the materials reviewed by Agent Edwards in preparation for his testimony in this case by no later than **May 13, 2016.**

At the conclusion of the pretrial conference, the Defendant was remanded to the custody of the United States Marshals Service.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record herein.

**DATED:** May 16, 2016

_____
GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE